**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

SHEILA ANNETTE CUNNINGHAM,

      Plaintiff,

v.                                  Case No:  5:16-cv-24-Oc-30PRL

FLORIDA CREDIT UNION,

      Defendant.

_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Florida Credit Union's Motion to Dismiss, or in the Alternative, for a More Definite Statement (Doc. 9).  Plaintiff has not filed a response, but she has requested an extension of time to find counsel and file a response to Defendant's motion.  (Doc. 15).  Because the motion to dismiss is meritorious, the Court concludes that it should be granted.  However, in light of Plaintiff's pro se status, Plaintiff will be provided thirty (30) days to obtain counsel and file amended complaint.

## DISCUSSION

On January 19, 2016, Plaintiff, proceeding pro se, filed a complaint alleging racially-based employment discrimination against Defendant, her former employer.  (Doc. 1).  Defendant currently seeks dismissal of Plaintiff's complaint under Federal Rules of Civil Procedure 8(a) and 10(b).  (Doc. 9).  Alternatively, Defendant argues that the

allegations of Plaintiff's complaint are so conclusory and vague that Defendant cannot reasonably respond to the allegations without a more definite statement concerning the factual and legal basis of the claims.  (*Id.*).

In reviewing a pro se complaint, the court must hold the pro se pleading to a less stringent standard and must construe the complaint liberally.  *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." (citation omitted)).   Although courts afford liberal construction to pro se litigants' pleadings, litigants appearing pro se must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida.  *McNeil v. United States*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

"Federal Rule of Civil Procedure 8(a)(2) requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8; *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Plaintiff's complaint fails to comply with Rule 8(a).  Namely, Plaintiff's complaint is quite threadbare.  Although it communicates that Plaintiff is asserting some type of employment discrimination claim based on race, she does not clarify whether she is pursuing this claim under federal law, state law, or both.  Although Plaintiff attaches her Equal Employment Opportunity Commission ("EEOC") charge to her complaint, which

2

cites both federal and state law, Plaintiff must provide Defendant adequate notice of the basis of her claims.  It also appears from her EEOC charge that Plaintiff's employment discrimination claim could be based on two potential theories: (1) wrongful termination, and (2) failure to promote.  Plaintiff can claim either theory or both theories, but she must adequately provide Defendant notice of her claims.  Plaintiff must support any claim she raises by alleging adequate facts demonstrating the elements of the claim.

Similarly, Plaintiff's complaint fails to comport with Federal Rule of Civil Procedure 10(b), which directs:

> A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.  A later pleading may refer by number to a paragraph in an earlier pleading.  If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Plaintiff's complaint, presented in a one-paragraph, narrative form, does not comply with Rule 10(b).

Because Plaintiff's complaint does not comply with Rule 8(a) or Rule 10(b), it should be dismissed.  However, in light of Plaintiff's pro se status, Plaintiff will be provided an opportunity to file an amended complaint.[1]  Additionally, Plaintiff filed a motion with the Court stating that she is attempting to seek counsel.  Plaintiff shall therefore be provided thirty days to seek counsel and file an amended complaint.

---

[1]In the event Plaintiff is unable to obtain counsel, she is encouraged to review and consult the "Guide for Proceeding Without a Lawyer," available at www.flmd.uscourts.gov/pro_se/default.htm, before filing her amended complaint.

## <u>CONCLUSION</u>

After due consideration, it is hereby **ORDERED AND ADJUDGED:**

1.      Defendant Florida Credit Union's Motion to Dismiss, or in the Alternative, for a More Definite Statement (Doc. 9) is GRANTED.

2.      Plaintiff's request for an extension of time (Doc. 15) is DENIED as moot.

3.      Plaintiff's complaint (Doc. 1) is DISMISSED without prejudice.

4.      Plaintiff shall have thirty (30) days from the date of this Order to obtain counsel and file an amended complaint.

**DONE** and **ORDERED** in Tampa, Florida, this 25th day of July, 2016.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
Counsel/Parties of Record

4